UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRON ESPEY,

           Plaintiff,

v.

SRG. RICE, SGT. OPPERMAN, and
C.O. LAMAR,

           Defendants.

DECISION AND ORDER
16-CV-6421

### Preliminary Statement

Plaintiff Tyron Espey ("plaintiff"), an inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he sustained physical injuries on September 19, 2015 as a result of defendants' use of excessive force against him. See Docket # 1. On December 14, 2016, this Court issued a scheduling order that provided for all motions to amend pleadings to be filed by March 9, 2017. Docket # 11. On April 26, 2018, defendants moved for leave of court to file an amended answer, and to reopen discovery to depose plaintiff and obtain plaintiff's mental health records. Docket # 23. On June 12, 2018, this Court granted the portion of defendants' motion seeking to reopen discovery and denied without prejudice their motion for leave of court to file an amended answer. Docket # 29.

Currently pending before the Court is defendants' motion for leave of court to amend the answer to include the failure to exhaust administrative remedies defense. See Docket ## 32, 37.

1

Plaintiff objected to defendants' motion and filed a cross-motion to reopen discovery. Docket ## 34, 38.[1] For the reasons stated below, defendants' motion for leave to amend the answer is **granted**, and plaintiff's cross-motion to reopen discovery is **denied**.

### Discussion

Motion for Leave to Amend: As a general matter, "a failure to plead an affirmative defense results in a waiver." Travellers Int'l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994). However, the Federal Rules of Civil Procedure allow this Court to grant leave to amend a pleading freely "when justice so requires." See Fed. R. Civ. P. 15(a). Rule 15 "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated . . . and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 283 (2d Cir. 2000) (internal citations omitted). It remains within the sound discretion of the district court to grant or deny leave to amend. The Court may deny leave for good reasons, such as for bad faith, undue delay, futility, or undue prejudice

---

[1] By Text Order (Docket # 35) this Court scheduled defendants' response to plaintiff's cross-motion (Docket # 34) and requested that defendants submit their proposed amended answer along with a memorandum of law in support of the motion to amend the answer in accordance with Rule 15 of the Local Rules of Civil Procedure. Defendants refiled their original motion (Docket # 32) as a separate motion for leave to amend the answer (Docket # 37).

2

suffered by the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

Here, defendants seek to amend their answer to formally assert the affirmative defense of failure to exhaust administrative remedies. Defendants argue that such an amendment causes plaintiff no prejudice or surprise because in their original answer to the complaint, the defendants denied plaintiff's allegation that he had exhausted his administrative remedies. See Docket # 37-2 at 2-3.

While this Court is mindful of the fact that this action has been pending for several years and that defendants' motion was filed past all deadlines to amend pleadings, simple delay, absent a showing of bad faith or undue delay, is ordinarily an insufficient reason to deny leave to amend. State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); see also Collins v. Caron, No. 9:10-CV-1527(GTS/RFT), 2013 WL 1294454, at *5 (N.D.N.Y. Mar. 28, 2013) (delay did not warrant denial of the motion to amend the answer when plaintiff was notified of his alleged failure to exhaust administrative remedies through the court's order to produce discovery related to exhaustion, through defendant's provision of discovery, and through plaintiff's deposition on the issue of exhaustion).

Based on the foregoing, I find that plaintiff would not suffer any undue prejudice as a result of defendants' amendment of the

answer. First, plaintiff has known of defendants' position regarding plaintiff's exhaustion of administrative remedies since the time when defendants filed their original answer. See Docket # 7. Second, it appears that the parties will not need to conduct additional discovery on the issue of plaintiff's exhaustion of administrative remedies as this topic has already been explored at plaintiff's deposition. Thus, assertion of this affirmative defense should not operate to unduly delay resolution of this case. Collins v. Doe, 597 F. App'x 34 (2d Cir. 2015) (affirming decision of the district court granting leave to amend the answer where no significant delay or additional expenditure of resources to conduct discovery and prepare for trial was necessary); Belgrave v. Pena, 254 F.3d 384, 387 (2d Cir. 2001) (amendment of the answer was allowed because it occurred before trial, did not require additional discovery, and was not premised on bad faith).

Motion to Compel: In a separate motion, plaintiff seeks to obtain "photographs of the hallway of [the] [m]edical [u]nit where [the] assault took place, a copy of medical [u]nit [e]vacuation [r]outes, policy, and procedures for escorting an inmate to [m]edical staff in [m]edical building while in handcuffs." Docket # 38.[2] Defendants object on the basis that such request is not

---

[2] Docket # 38 is a "revised" motion in which plaintiff made minor changes to his original letter motion (Docket # 34). The revisions appear to be that plaintiff added a request for photographs of the hallway of the medical unit where the alleged assault took place as opposed to photographs of evacuation routes of the unit, and also requested DOCS policies and procedures pertaining

4

relevant to plaintiff's use of force claim, compromises facility security, and seeks documentation that does not exist. Docket # 36.

Upon review of the moving papers, I find that plaintiff's request for copies of evacuation routes of the Orleans Correctional Facility medical unit and policies and procedures for escorting inmates to the unit are not relevant to plaintiff's claims of excessive force used. Additionally, I find that defendants have a legitimate security interest in withholding such records, particularly when plaintiff remains as an inmate in DOCS custody. See Sowell v. Chappius, No. 07-CV-6355, 2010 WL 1404004, at *2 (W.D.N.Y. Mar. 31, 2010) ("[A] court can impose limits on a *pro se* plaintiff's access to information that may, in the hands of a prisoner, pose a threat to institutional safety and security."); Delacruz v. Bennett, No. 03-CV-6455L, 2006 WL 1389770, at *2 (W.D.N.Y. May 19, 2006) (defendants have security interests in withholding portions of DOCS employee handbook related to techniques and procedures used during an attempted escape or emergency procedures); Carter v. Kiernan, No. 98CIV.2664(JGK)(MHD), 1999 WL 1043865, at *1 (S.D.N.Y. Nov. 17,

---

to the escorting of inmates to the unit in handcuffs. Defendants' response (Docket # 36) was filed in response to plaintiff's original letter motion (Docket # 34).

5

1999) (production of employee manual to the incarcerated plaintiff was denied as being potentially compromising to prison security).[3]

## Conclusion

For the above-stated reasons, defendants' motion for leave to amend (Docket ## 32, 37) is **granted** and plaintiff's cross-motion (Docket ## 34, 38) is **denied**. Defendants shall file their amended answer within fourteen (14) days from entry of this Decision and Order.

Once the amended answer is filed, the parties shall have thirty (30) days to file dispositive motions. If no dispositive motions are filed, defense counsel shall immediately notify the trial judge in writing that the case is ready for trial.

**SO ORDERED.**

_____
Jonathan W. Feldman
UNITED STATES MAGISTRATE JUDGE

Dated: March 12, 2019
Rochester, New York

---

[3] I also note that defense counsel has represented that there "are no pre-ordained evacuation routes in the medical building" that are utilized by staff while escorting inmates. Docket # 36, ¶ 5. Thus, it appears that producing the requested policies would not assist plaintiff.